UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 10-CV-2164 (JFB)(ETB)

---

LA RUE HENRY,

Plaintiff,

VERSUS

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, ET AL.,

Defendants.

---

**MEMORANDUM AND ORDER**
February 2, 2011

---

JOSEPH F. BIANCO, District Judge:

On May 12, 2010, plaintiff La Rue Henry (hereinafter "plaintiff" or "Henry") brought this action against defendants United States Department of Homeland Security, Transportation Security Administration (hereinafter, "TSA") (collectively, the "federal defendants" or the "government") and International RAM Associates, L.L.C. (hereinafter, "RAM"), in connection with an alleged fall on October 31, 2007, at a security checkpoint at MacArthur Avenue, County of Suffolk. In particular, plaintiff asserts a claim (1) against the federal defendants, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), based upon alleged negligence by TSA personnel at the security checkpoint, and (2) a negligence claim against RAM under 28 U.S.C. § 1367(a) based upon the alleged negligence of RAM personnel in connection with the incident.

Presently before the Court is the federal defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies the motion in its entirety. Specifically, the Court concludes that the plaintiff's Notice of Claim to the TSA contained sufficient information to permit the agency to conduct an investigation of the incident and to estimate the claim's worth and, thus, satisfies the presentment requirement set forth in 28 U.S.C. § 2675(a). Accordingly, the federal defendants' motion to dismiss on jurisdictional grounds is denied. Similarly, with respect to the Rule 12(b)(6) motion, the Court finds that plaintiff has provided sufficient allegations in the

complaint to set forth a plausible claim against the government. Moreover, although the government suggests that, because plaintiff believes that RAM personnel were in control of her wheelchair at the time of the alleged accident, she should not also be permitted to plead control by TSA personnel, the Court concludes that pleading in the alternative is permitted by Rule 8(d)(2) of the Federal Rules of Civil Procedure and plaintiff has a good faith basis for doing so given the information provided by RAM to plaintiff regarding the incident. Therefore, the motion to dismiss under Rule 12(b)(6) also is denied.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint ("Compl."). These facts are not findings of fact by the Court but rather are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party.

RAM provided airport hospitality, management, and security services at the Long Island MacArthur Airport in Suffolk County, New York. (Compl. ¶¶ 11-14.) TSA personnel provided airport security and screening at MacArthur. (Compl. ¶ 15.) On October 31, 2007, plaintiff was at MacArthur Airport and was provided with wheelchair accommodations and assistance by RAM personnel. (Compl. ¶¶ 10, 16.) In particular, RAM personnel provided assistance to the security screening area, which was controlled, maintained, and operated by TSA. (Compl. ¶¶ 17-18.) Upon reaching the security screening area, plaintiff was stopped at the security screening area where she was being assisted by the defendants. (Compl. ¶ 19.) According to the complaint, "[u]pon her ascent from her wheelchair, the Plaintiffs [sic] wheelchair which was not locked or secured in place, was caused to propel backward causing the Plaintiff to fall to the ground and sustain those injuries" alleged in the complaint. (Compl. ¶ 20.) Plaintiff alleges that her injuries were proximately caused by the negligence of RAM and TSA personnel. (Compl. ¶¶ 21-22.) Plaintiff further alleges that, as a result of her injuries from the fall, she has incurred at least $46,058.40 in medical expenses. (Compl. ¶ 26.) Plaintiff seeks to recover those expenses, as well as other monetary damages for the injuries allegedly caused by the defendants' negligence.

B. Procedural History

On February 11, 2008, plaintiff filed a complaint in the Supreme Court of the State of New York, County of Suffolk, asserting a tort action against RAM in connection with the October 31, 2007 incident. On February 4, 2009, RAM filed a third-party action in state court against the United States of America seeking indemnification and contribution. On February 4, 2009, the United States removed the action to this Court and notified the Court of its intention to move to dismiss the third-party complaint for lack of subject matter jurisdiction. *See Henry v. Int'l RAM Assocs v. United States*, 09-cv-0933 (JFB)(ETB). After a pre-motion conference on April 8, 2009, RAM voluntarily dismissed all third-party claims against the United States, and this Court remanded the case to state court.

On or about April 28, 2009, plaintiff filed an administrative tort claim with the TSA. On May 12, 2010, plaintiff filed the complaint in this action. On July 19, 2010, the federal defendants filed a motion to dismiss. On September 30, 2010, defendant RAM filed its

opposition papers. On October 1, 2010, plaintiff filed her opposition papers. On October 12, 2010, the federal defendants' filed a reply. Oral argument was heard on December 2, 2010. The Court has fully considered the submissions of the parties.

## II. STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.,* 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [it] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005). The Court may also raise the issue of subject matter jurisdiction at any time *sua sponte. See, e.g., McGinty v. New York,* 251 F.3d 84, 90 (2d Cir. 2001) ("Whether a federal court has subject matter jurisdiction is a question that may be raised at any time ... by the court *sua sponte."*) (internal quotation marks omitted).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. --- U.S. ----, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations[,] a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (quoting and citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court notes that in adjudicating a motion under Rule 12(b)(6), it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and vacated in part on other grounds sub nom. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25 (2d Cir. 2005), *vacated on other grounds*, 547 U.S. 71 (2006); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"); *Brodeur v. City of N.Y.*, No. 04 Civ. 1859, 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (stating court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

"A court presented with a motion to dismiss under both Fed.R.Civ.P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Coveal v. Consumer Home Mortgage, Inc.*, No. 04-CV-4755 (ILG), 2005 U.S. Dist. LEXIS 25346, at *7 (E.D.N.Y. Oct. 21, 2005) (quoting *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

### III. DISCUSSION[1]

The government moves to dismiss on the following two grounds: (1) plaintiff failed to comply with the FTCA's presentment requirement because she supplied insufficient information to the TSA, and thus the complaint must be dismissed under Rule 12(b)(1); and (2) plaintiff failed to plead sufficient allegations to state a claim against the government, and thus the complaint must be dismissed under Rule 12(b)(6). As set forth below, the Court disagrees and concludes that there are no grounds to dismiss the case against the government. The Court will address the issues in turn.

#### A. The Rule 12(b)(1) Motion

Pursuant to the explicit language of the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680, a claimant bringing a lawsuit against the federal government must file an administrative claim with the appropriate agency prior to institution of the lawsuit. Specifically, Section 2675(a) states, in

---

[1] As a threshold matter, the Court agrees with the government that DHS and TSA are not proper parties under the FTCA, and that the proper party is the United States of America. *See* 28 U.S.C. § 2679(a). Accordingly, the Court substitutes the United States of America as a defendant, and DHS and TSA are dismissed as defendants and the Clerk of the Court shall remove them from the caption.

4

relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a). The presentment requirement is jurisdictional and cannot be waived. *See Adams v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 318, 321 (2d Cir. 1986); *Johnson v. United States*, 788 F.2d 845, 848-49 (2d Cir. 1986).

With respect to the form of the notice of claim to the federal government, the Second Circuit has explained that, "[i]n this Circuit, a Notice of Claim filed pursuant to the FTCA must provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth." *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (citing *Keene Corp. v. United States*, 700 F2d 836, 842 (1983)). Moreover, "a claim must be specific enough to serve the purpose of the FTCA to enable the federal government to expedite the fair settlement of tort claims." *Romulus*, 160 F.3d at 132 (*citing Johnson v. United States*, 788 F.2d at 848-49), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988). Thus, "the mere act of filing a SF 95 does not necessarily fulfill the presentment requirement of § 2675(a)," and "[a] claimant must provide more than conclusory statements which afford the agency involved no reasonable opportunity to investigate." *Romulus*, 160 F.3d at 132. However, "an administrative claim need not meet formal pleading requirements"; instead, "[a]ll that is necessary is that a claim be specific enough to serve the purposes intended by Congress in enacting §2675(a) — to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Johnson*, 788 F.2d at 848-49 (citations omitted).

For example, in *Johnson*, which involved an FTCA action for damages arising from the Postal Service's alleged negligence in employment and supervision of a letter carrier who sexually assaulted a minor, the Second Circuit held that "[b]y stating the cause of the injury, the name of the employee[s] who committed the assault, and the date and location of the attack, the claim notified the agency of sufficient factual circumstances to enable it to investigate the matter." 788 F.2d at 848. The Court further explained that "[a]lthough the claim supplied no facts evidencing negligent supervision and did not allege all the factual elements of such a theory of liability, a reasonably thorough investigation of the incident should have uncovered any pertinent information in the government's possession relating to the agency's knowledge, or lack of knowledge, of any prior sexual misconduct by its employee." *Id.*

In the instant case, plaintiff clearly has satisfied the presentment requirement. The Form SF95 states, among other things, the following details: (1) the date and time of the incident — namely, October 31, 2007 at 9:00 a.m.; (2) the location of the incident —

namely, MacArthur Airport; (3) the basis for the claim — namely, that "claimant being assisted while in wheelchair at security point within MacArthur Airport, County of Suffolk, State of New York, claimant's wheelchair not locked into place thus causing her to fall upon elevating from chair"; (4) the nature and extent of the injury — namely, "comminuted fracture of right distal radius requiring open reduction internal fixation surgery" and "dislocation to rt wrist"; and (5) amount being sought for the personal injury — namely, $2,000,000. Thus, the details in the form provided more than sufficient information for the federal government to conduct an investigation of the complaint and estimate the claim's worth.

The Court has considered the government's arguments and finds them to be unpersuasive. First, the government argues that plaintiff "failed to allege any negligence or wrongdoing on the part of any TSA employee, and did not otherwise provide any explanation as to what she believes TSA did wrong" and, thus, "[w]ithout this crucial information, TSA was unable to conduct a meaningful investigation of the incident." (Fed. Defs.' Mem. of Law at 7.) However, that argument has no merit. It is clear from the information in the notice that the claimant is alleging that TSA personnel at a security checkpoint at MacArthur Airport had some involvement in, and/or responsibility for, the negligent wheelchair assistance provided at that checkpoint, which plaintiff alleges resulted in her injuries. No more information was required in order for the government to conduct a reasonable investigation of the claim, including any involvement/responsibility or lack thereof of TSA personnel in the alleged conduct and injuries.[2]

---

[2] In fact, even prior to the filing of the notice of claim, the government already was aware of the nature of the government's liability in connection with this incident because RAM had tried to sue them in state court. After plaintiff sued RAM in state court, RAM attempted filed a third-party action against the United States under the FTCA based upon the TSA's alleged involvement in the incident. The government removed the case to federal court, *Henry v. Int'l RAM Assocs v. United States*, 09-cv-0933 (JFB)(ETB), and the government stated its intention to move to dismiss the case under the derivative jurisdiction doctrine. RAM then voluntarily dismissed the third-party claims against the government without prejudice, and this Court remanded the case to state court. Moreover, after plaintiff filed the administrative claim, the TSA's Claims Examiner contacted plaintiff's counsel and requested a description of TSA's involvement and/or responsibility in the alleged incident involving plaintiff's wheelchair at the checkpoint. Plaintiff's counsel reiterated that RAM believed that TSA was responsible for the incident. *See* Decl. of Sheila Williams, dated July 14, 2010 (hereinafter "Williams Decl.") at ¶ 4 ("Mr. Fields told me that plaintiff filed the claim against TSA because International RAM Associates was going to allege that TSA was at fault. Mr. Fields also stated that he tended to disagree with the allegation against TSA because all the evidence pointed to International RAM Associates as the 'guilty party.'"); *see also* Decl. of Seth I. Fields, dated September 29, 2010 at ¶ 6 ("[O]n May 26, 2010, your affiant properly responded to Ms. Williams request for information by advising her of the particulars of the incident, including the fact that plaintiff was being assisted in a wheelchair at the security checkpoint the airport when she was caused to fall due to the failures of either RAM, or the Federal Defendants, or both, in securing the wheelchair as she got out of same. Your affiant appropriately pointed out to Ms. Williams that the while the evidence in plaintiff's possession at that time appeared to indicate that RAM maintained custody and control

Second, the government's argument regarding the lack of medical documentation to support plaintiff's $2,000,000 demand is equally unavailing. (Fed. Defs.' Mem. of Law at 8 n.4.) Here, the claimant described the nature of the injuries and provided a sum certain in her notice.[3] Moreover, the government did not request additional documentation, such as medical records, in connection with that claim. In fact, in her declaration, the TSA's claim examiner does not state that she requested any medical documentation, but rather only references seeking additional information regarding TSA's involvement and/or responsibility concerning the alleged incident. (*See* Williams Decl.) Similarly, her follow-up letter to counsel for claimant only seeks "a detailed description, from your client, of TSA's involvement/responsibility concerning you [sic] client's alleged incident at the Long Island MacArthur Airport." (Williams Decl., Ex. A.) Although the government relies upon the Second Circuit's decision in *Romulus* to support their argument that plaintiff did not provide sufficient medical documentation to support her demand, that case is factually distinguishable because, among things, the district court found that the claimant failed to submit a sum certain damages claim, and the federal agency "twice requested further information from the claimants, including medical reports and bills, and wage loss statements," to which the claimant failed to respond. 160 F.3d at 131-32. In the instant case, where a sum certain and description of injuries was provided on the Form SF95, and the government made no additional request for medical documentation, the failure to provide such documentation does not constitute a failure to comply with the presentment requirement.

Finally, the government's argument that plaintiff failed to specify her location at the time of the incident is without merit. (Fed. Defs.' Mem. of Law at 8 n.4). As discussed above, the notice stated the specific date and time of the incident, and that it occurred at a security checkpoint at MacArthur Airport. Although plaintiff did not specify which checkpoint or which TSA employees were involved, the government could easily ascertain with a reasonable investigation which checkpoint was allegedly the location

---

over plaintiff during her ascent from the wheelchair, but that RAM's contention was that the TSA had assumed control over plaintiff at the time of her accident."). Therefore, the state court lawsuit prior to the administrative claim and the follow-up response by plaintiff's counsel to the TSA after the filing of the administrative claim, made it abundantly clear that RAM was claiming that the TSA had failed to properly secure the wheelchair at the checkpoint. In short, the government had more than sufficient information about the theory of the government's liability to investigate this claim.

[3] The Court notes that the applicable regulation, while referring to providing a sum certain for damages, does not specify that the claimant must provide medical documentation (even without such a request by the government). *See* 28 C.F.R. §14.2(a) ("a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."); *see generally Johnson v. Smithsonian Inst.*, 189 F.3d 180, 190 (2d Cir. 1999) (citing 28 C.F.R. § 14.2(a)).

of the incident (and which employees were involved).[4]

In sum, plaintiff has satisfied the presentment requirement under Section 2675(a). Thus, the federal defendants' motion to dismiss on jurisdictional grounds is denied.

B. The Rule 12(b)(6)

The Court concludes that plaintiff has stated a plausible FTCA claim against the United States that survives a motion to dismiss. As a threshold matter, although the government asserts that the complaint "does not even allege the TSA was in control of plaintiff at the time of her fall" (Gov't Mem. of Law at 11), the complaint does allege TSA's control over the security checkpoint where the fall occurred and assistance by TSA at the screening area at the time of the fall. Specifically, the complaint alleges, among other things, the following: (1) the screening area at the airport "was controlled, maintained and operated by Defendants, DHS and TSA" (Compl. ¶ 18); (2) plaintiff "was stopped at the security screening area where she was being assisted by the Defendants," (Compl. ¶ 19); and (3) that "[u]pon her ascent from her wheelchair, the Plaintiffs [sic] wheelchair which was not locked or secured into place, was caused to propel backward causing the Plaintiff to fall to the ground and sustain those injuries as hereinafter alleged" (Compl. ¶ 20). These allegations, in combination with the remainder of the complaint, are more than sufficient to state a plausible FTCA claim against the government and provide sufficient notice to the government as to the nature of the claim. Although the government argues that the complaint is defective because it does not describe in more detail the role of the federal defendants (such as the alleged actions of the TSA employees at the security checkpoint) as compared with RAM employees, the Court disagrees. In short, the complaint asserts that TSA, having control of the screening area and having assisted in plaintiff's ascent from her wheelchair, is liable for the alleged negligent failure to lock or secure the wheelchair, which plaintiff claims resulted in her injury. Because these allegations are sufficiently detailed to state a plausible claim, no additional evidentiary details of the plausible claim — such as the location and actions of specific TSA employees — are required to survive a motion to dismiss. *See Twombly*, 127 S. Ct. at 1964; *accord Wormer v. City of Rensselaer*, No. 07-1641-cv, 2007 WL 5909908, at *1 (2d Cir. Sept. 22, 2008) ("To survive a motion to dismiss, a complaint need not contain detailed factual allegations, only enough facts to state a claim to relief that is plausible on its face.") (quotations and citations omitted); *Brown v. George Weston Bakeries, Inc.*, No. 3:08-CV-00432 (CSH), 2009 WL 497639, at *1 (D. Conn. Feb. 24, 2009) ("Because the function of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof, to survive a motion to dismiss, the complaint need contain only enough facts to state a claim to relief that is plausible on its face." (quotations and citations omitted)).

The government also suggests that the plaintiff cannot state a plausible FTCA claim against it because such a claim is inconsistent

---

[4] Plaintiff's counsel also notes that "Macarthur Airport in Islip is a small single terminal airport with only two security check points and thus [TSA] could not reasonably have deemed the description of the incident location as too vague to have conducted its investigation of the underlying matter." (Fields Decl. ¶ 2 n.1)

8

with plaintiff's allegation in her state court complaint (and her counsel's statement to the TSA Claims Examiner) that plaintiff believes that RAM was in control at the time of incident. (Gov't Mem. of Law at 11-12.) That assertion, however, is unavailing. It is well-settled, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, that a party is permitted to plead inconsistent positions in the alterative. *See, e.g., Lawrence v. Wilder Richman Sec. Corp.*, No. 09-4782-cv, 2010 WL 3584229, at *2 (2d Cir. Sept. 16, 2010) ("Federal Rule of Civil Procedure 8(d)(2) specifically permits a party to plead inconsistent positions in the alternative, even in the same action." (citing *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 585 (2d Cir. 2005)). Moreover, this rule also allows a plaintiff to plead alternative factual positions, even if certain facts are inconsistent with the plaintiff's own personal recollection, as long as there is a good faith basis for such alternative allegations. *See, e.g., The 2004 Stuart Moldaw Trust v. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 240 (S.D.N.Y. 2009) ("while Rule 8(d)(2) permits parties to plead inconsistent factual allegations, an alternative pleading is nonetheless subject to the terms of Rule 11, Fed.R.Civ.P."); *accord Kwan v. Schlein*, 246 F.R.D. 447, 451 (S.D.N.Y. 2007); *see generally* Wright & Miller: Federal Practice and Procedure: Civil 3d § 1285 ("[A] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question."). In the instant case, there is no question that the alternative factual allegations by the plaintiff — namely, that that TSA personnel were involved in the wheelchair assistance provided to her — are being made in good faith. In particular, as set forth in counsel for RAM's declaration, he provided several documents to plaintiff, during the course of disclosure in the state court action, providing some evidence that a TSA employee, not a RAM employee, was involved in assisting plaintiff at the checkpoint at the time of her fall, including: (1) a "Customer Accident/Injury Report" from Southwest Airlines which identifies a TSA agent "Penny" as a witness (along with a RAM employee, Khan Shaukat) and states: "push in whch [*i.e.*, wheelchair] by SkyCap. TSA agt. helping Customer take jacket and shoes off. TSA agt. Did not put lock on. Customer could not keep balance turned right — and fell on R/S. Upper arm & Shoulder on floor." (Decl. of Frank Rubino at ¶¶ 3-5, Ex. 1); and (2) an "Employee Statement" by a RAM employee Shaukat Khan, which states, in part, the following with respect to plaintiff's October 31, 2007 incident: "I placed the passenger in the wheelchair and she was with four other family members. I proceeded to the security checkpoint. While at the checkpoint, I placed passengers [sic] articles in a bin to be searched. While this was going on, the passenger was still in the wheelchair. While I turned around, I noticed the TSA agent was now assisting the passenger. The TSA Agent I know her to be Ms. Penny. Ms. Penny was helping her with her jacket while the passenger was out of the wheelchair and standing up. I was not taking care of the passenger at this time. Ms. Penny was assisting passenger to remove her jacket. The passenger turned to release her other arm out of the jacket. That is when I noticed she fell while in TSA's Penny's [sic] care" (*Id*. at ¶ 6, Ex. 2). Thus, although plaintiff may recall that RAM employees were controlling her wheelchair at the time of the injury, her recollection could be incorrect and she may plead alternatively that the TSA had control of her wheelchair at the time based upon the information supplied by RAM. Accordingly, the alleged inconsistency of the factual allegations in the complaint with plaintiff's recollection is not grounds for dismissal.

9

In sum, the Court concludes that plaintiff has alleged a plausible FTCA claim against the government. Accordingly, the government's motion to dismiss for failure to state a claim under Rule 12(b)(6) is denied.

IV. CONCLUSION

For the foregoing reasons, the United States of America is substituted as a defendant, and DHS and TSA are dismissed as defendants and the Clerk of the Court shall remove them from the caption. The motion of the United States of America to dismiss the claims against it under Rule 12(b)(1) and 12(b)(6) is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 2, 2011
Central Islip, New York

\* \* \*

Plaintiff is represented by Seth I. Fields of Edward R. Young & Associates, 112 Route 109, West Babylon, NY 11704. The federal defendants are represented by Kenneth M. Abell of the United States Attorneys Office, Eastern District Of New York, 271 Cadman Plaza East, Brooklyn, NY 11201 and IRAM is represented by Fred G. Wexler and Frank J. Rubino, Jr. of Brown, Gavalas & Fromm LLP 355 Lexington Ave. New York, NY 10017.